IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| DEONTAE CALDWELL, <br> TDCJ-CID No. 01903202, <br><br> Plaintiff, <br><br> v. <br><br> TRENT PEACOCK, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> 2:19-CV-082-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL-RIGHTS COMPLAINT

Before the Court is Plaintiff's civil-rights Complaint (ECF No. 3) brought under 42 U.S.C. § 1983, filed on April 19, 2019. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. The Court granted Plaintiff permission to proceed *in forma pauperis*. ECF No. 6. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff, a repeat filer in this Court, makes claims concerning TDCJ staff at the Bill Clements Unit regarding the disrespectful treatment of his family by TDCJ staff. *See* ECF No. 3 at 4–7. Plaintiff's claims in this lawsuit overlap his claims in several other lawsuits that were previously dismissed as frivolous by this Court. *See, e.g.*, Case Nos. 2:19-CV-018-Z-BR, 2:19-CV-019-Z-BR, & 2:19-CV-081-Z-BR. In those cases, Plaintiff alleged TDCJ staff spread misinformation about Plaintiff and his family members by using "walkie talkies." *See, e.g.*, *Caldwell v. Ramirez*, Nos. 2:19-CV-018-Z-BR; *Caldwell v. Miller et al*, 2:19-CV-019-Z-BR.

Plaintiff now lists both additional TDCJ personnel who engaged in this behavior, and repeats prior claims made in his prior lawsuits. *See id.* at 4–7.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

In case 2:19-CV-018-Z-BR, Plaintiff alleged that on December 14, 2018, a TDCJ officer "disrespected his sister" through comments made through "walkie talkies." *See Caldwell v. Ramirez*, No. 2:19-CV-018-Z-BR (N.D. Tex. Feb. 18, 2022). In the present lawsuit, Plaintiff alleges that multiple other Defendants have also engaged in this behavior, beginning in 2017 and continuing through 2019. *See* ECF No. 3 at 4–7. Plaintiff additionally alleges that Defendant Brittney Miller, who engaged in the disrespect of his family, was allowed to conduct the

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

investigation about the issue during the grievance process. *Id.* at 9. Plaintiff also attaches to his Complaint the grievances he filed, and the response from TDCJ staff that his grievances were investigated and were not substantiated by the investigation, finding no staff misconduct. *Id.* at 12.

A complaint that duplicates claims asserted in an earlier action may be deemed malicious and subject to summary dismissal. *See Brock v. Cockrell*, No. 3-03-CV-0340-M, 2003 WL 21418792, at *1 (N.D. Tex. Mar. 26, 2003). Consequently, Plaintiff's claims against Defendants for "disrespecting his family" should be summarily dismissed as duplicative under 28 U.S.C. § 1915A(b). *See Pitman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989).

"[A] prisoner has a liberty interest only in 'freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). A prisoner lacks a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, Plaintiff's claims against Defendant Miller for being involved in the investigation of his grievances and failing to adequately resolve his grievances about this issue do not state a constitutional claim and are **DISMISSED WITH PREJUDICE**. Additionally, Plaintiff's claims about disrespect to his brother and sister are duplicative of his previous lawsuits identified herein and are **DISMISSED WITH PREJDUCE** as frivolous.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

June 27, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE